# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK F. MEDEIROS,<br>　　　　　Plaintiff | )<br>)<br>) | |
| v. | )<br>) | C.A. No. |
| TRANSUNION LLC,<br>　　　　　Defendant | )<br>)<br>)<br>) | CA 10 - 306S |

## PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE
## FAIR CREDIT REPORTING ACT

Plaintiff, Mark F. Medeiros, hereby sues Defendant, TRANSUNION LLC and alleges:

### PRELIMINARY STATEMENT

1.  This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

2.  Plaintiff contends that the Defendant has violated such law by willfully issuing false consumer credit reports concerning Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, a reduction in his credit score, financial loss, loss of use of funds, invasion of privacy, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

1

## JURISDICTION AND VENUE

3. The jurisdiction of this Honorable Court is conferred by 15 U.S.C. §1681p.

4. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

5. This is an action for damages which exceed $75,000.00.

6. Plaintiff, MARK F. MEDEIROS, is a natural person and is a resident of the State of Rhode Island.

7. Defendant, TRANSUNION LLC is a Delaware limited liability company, authorized to do business in Rhode Island.

## FACTUAL ALLEGATIONS

8. TransUnion LLC failed, in the preparation of Plaintiff's report, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete erroneous and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed in any subsequent report containing the information in question to clearly note that it was disputed by Plaintiff and provide either the Plaintiff's statement or a clear and accurate codification or summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of erroneous and inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of

the erroneous and inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same erroneous and inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after notification by Plaintiff; failed to properly investigate Plaintiff's dispute; and concealed from or misrepresented facts to Plaintiff regarding his report.

9.   On May 14, 2010, Plaintiff obtained a copy of his TransUnion credit report and found negative trade lines from Discover Financial Services LLC, Equable Ascent Financial LLC, Illinois Student Assistance Commission, Sallie Mae and SST/Columbus Bank & Trust appearing on the report.

10. On May 14, 2010, Plaintiff sent a letter of dispute by certified mail to Discover Financial Services LLC disputing the negative trade line from Discover Financial Services LLC which was appearing on his TransUnion credit report.  The letter was received by Discover Financial Services LLC on May 17, 2010.

11. Discover Financial Services LLC did not respond to the letter.

12. On May 14, 2010, Plaintiff sent a letter of dispute by certified mail to Equable Ascent Financial LLC disputing the negative trade line from Equable Ascent Financial LLC which was appearing on his TransUnion credit report.  The letter was received by Equable Ascent Financial LLC on May 18, 2010.

13. Equable Ascent Financial did not respond to the letter.

14. On May 14, 2010, Plaintiff sent a letter of dispute by certified mail to Illinois Student Assistance Commission disputing the negative trade from Illinois Student Assistance Commission which was appearing on his TransUnion credit report. The letter was received by Illinois Student Assistance Commission on May 17, 2010.

15. Illinois Student Assistance Commission did not respond to the letter.

16. On May 14, 2010, Plaintiff sent a letter of dispute by certified mail to Sallie Mae disputing the negative trade line from Sallie Mae which was appearing on his TransUnion credit report. The letter was received by Sallie Mae on May 18, 2010.

17. Sallie Mae did not respond to the letter.

18. On May 14, 2010, Plaintiff sent a letter of dispute by certified mail to SST/Columbus Bank & Trust disputing the negative trade line from SST/Columbus Bank & Trust which was appearing on his TransUnion credit report. The letter was received by SST/Columbus Bank & Trust on May 18, 2010.

19. SST/Columbus Bank & Trust did not respond to the letter.

20. On May 18, 2010, Plaintiff sent a letter of dispute by certified mail to TransUnion disputing the negative trade lines from Discover Financial Services LLC, Equable Ascent Financial LLC, Illinois Student Assistance Commission, Sallie Mae and SST/Columbus Bank & Trust which were appearing on his TransUnion credit report. The letter was received by TransUnion LLC on May 20, 2010.

21. On June 21, 2010, Plaintiff received by regular U.S. mail from TransUnion LLC the results of the investigation of Plaintiff's dispute letter dated May 18, 2010 along with an updated TransUnion credit report. The date listed on the results of the investigation and the updated TransUnion credit report was June 17, 2010 with a file number of 178445036-142.

22. The negative trade line from Discover Financial Services LLC which had been appearing on Plaintiff's TransUnion credit report was listed as "deleted" and was no longer appearing on Plaintiff's TransUnion credit report.

23. The negative trade line from Equable Ascent Financial LLC was listed as having "new information below" and was still appearing on Plaintiff's TransUnion credit report.

24. Plaintiff finds it unusual that he contacted Equable Ascent Financial LLC and received no reply to his dispute letter yet TransUnion LLC was able to verify the negative trade line with Equable Ascent Financial LLC.

25. The negative trade line from Illinois Student Assistance Commission was listed as having "new information below" and was still appearing on Plaintiff's TransUnion credit report.

26. The negative trade line from Illinois Student Assistance Commission did not clearly note that it was disputed by the consumer.

27. Plaintiff finds it unusual that he contacted Illinois Student Commission and received no reply to his dispute letter yet TransUnion LLC was able to verify the negative trade line with Illinois Student Commission.

28. The negative trade line from Sallie Mae was listed as having "new information below" and was still appearing on Plaintiff's TransUnion credit report.

29. The negative trade line from Sallie Mae did not clearly note that it was disputed by the consumer.

30. Plaintiff finds it unusual that he contacted Sallie Mae and received no reply to his dispute letter yet TransUnion LLC was able to verify the negative trade line with Sallie Mae.

31. The negative trade line from SST/Columbus Bank & Trust was listed as having "new information below" and was still appearing on Plaintiff's TransUnion credit report.

32. The negative trade line from SST/Columbus Bank & Trust did not clearly note that it was disputed by the consumer.

33. Plaintiff finds it unusual that he contacted SST/Columbus Bank & Trust and received no reply to his dispute letter yet TransUnion LLC was able to verify the negative trade line with SST/Columbus Bank & Trust.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANT TRANSUNION LLC

34. Paragraphs 1 through 33 are realleged as though fully set forth herein.

35. Plaintiff is a consumer within the meaning of §1681a(c).

36. Defendant is a consumer reporting agency as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third

parties for monetary compensation.

37. Defendant has reported and continues to report to numerous persons and entities erroneous and inaccurate information about Plaintiff. This erroneous and inaccurate information has consisted of numerous derogatory trade lines.

38. Defendant reported this erroneous and inaccurate information despite receiving written notice from Plaintiff disputing the erroneous and inaccurate information.

39. §1618(n) provides for liability against a consumer reporting agency that willfully fails to comply with any requirement imposed by FCRA.

40. §1681e(b) provides:

"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

41. §1681i(a) provides:

"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information....If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

42. §1681i(b) provides:

"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute."

43. §1681i(c) provides:

"Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof."

44. §1681s-2(b) provides:

"After receiving notice pursuant to section 611(a)(2) [§1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
    (A) conduct an investigation with respect to the disputed information;
    (B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
    (C) report the results of the investigation to the consumer reporting agency;
    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

45. Defendant's violations include, but are not limited to, the following:

a) failing, in the preparation of Plaintiff's report, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;

b) failing to provide all of the information on file, in violation of §1681(g);

c) failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

8

d) failing to delete erroneous and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

e)   failing in any subsequent report containing the information in question to clearly note that it was disputed by Plaintiff and provide either the Plaintiff's statement or a clear and accurate codification or summary thereof in violation of §1681(i)(c);

f) failing to properly advise Plaintiff of his ability to make a consumer explanation;

g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of erroneous and inaccurate information concerning Plaintiff;

h) failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the erroneous and inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same erroneous and inaccurate information, previously deleted or disputed,  was re-reported by the credit grantor;

i) failing to permanently correct Plaintiff's report after notification by Plaintiff;

j) failing to properly investigate Plaintiff's dispute; and by

k) concealing from or misrepresenting facts to Plaintiff regarding his report.

WHEREFORE, Plaintiff demands judgment for damages against Defendant for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## COUNT II
## INJUNCTIVE RELIEF, (FCRA) 15 U.S.C §1681

46. Paragraphs 1 through 33 are realleged as though fully set forth herein.

47. Information contained in Plaintiff's TransUnion credit report file is erroneous and inaccurate.

48. Without permanent removal of such erroneous and inaccurate information, there is no remedy at law for Plaintiff.

49. Plaintiff's damages are irreparable unless all erroneous and inaccurate information is permanently removed.

50. Injunctive relief is provided by 15 U.S.C §1681.

WHEREFORE, Plaintiff moves this Honorable Court to mandatorily order the Defendant to permanently delete any derogatory information on Plaintiff's TransUnion credit report that is erroneous and inaccurate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 22nd day of July 2010,


Mark F. Medeiros, Plaintiff
464 Eaton St.
Providence, RI 02908
401-378-5072
markfmdrs@aol.com